UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                                                      Chapter 11

Rock 51 LLC,                                                                        Case No. 25-10034-MEW

                                 Debtor.
-----------------------------------------------------------x

**ORDER AUTHORIZING EMPLOYMENT AND RETENTION
OF BANKRUPTCY COUNSEL FOR THE DEBTOR**

      Upon the application (the "Application") of Rock 51 LLC, the above-captioned debtor and debtor-in-possession (the "Debtor"), for entry an order, pursuant to Section 327(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2014 and 2016(b) of the Federal Rules of Bankruptcy Procedure, authorizing the employment of Goldberg Weprin Finkel Goldstein LLP ("GWFG") as bankruptcy counsel to the Debtor; and upon the declaration of Kevin J. Nash, Esq. which is annexed to the Application; and it appearing that GWFG is a "disinterested person" within the meaning of Sections 101(14) and 327 of the Bankruptcy Code and does not represent any interest adverse to the Debtor's estates for the matters upon which it is to be engaged; and this Court having determined that employment of GWFG by the Debtor is in the best interests of the Debtor, its estate and creditors; and adequate notice of the Application having been given; and after due deliberation and sufficient cause appearing therefor; it is hereby

      ORDERED, that pursuant to Section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014, the Debtor is authorized to employ GWFG as its bankruptcy counsel effective as of the filing of the Chapter 11 petition by the Debtor on January 12, 2025; and it is further

      ORDERED, that to the extent the Application is inconsistent with this Order, the terms of this Order shall govern; and it is further

      ORDERED, that GWFG shall seek compensation for its services and reimbursement of its

expenses upon application to the Court, and upon notice and a hearing, pursuant to 11 U.S.C. §§ 330 and 331, Bankruptcy Rule 2016, S.D.N.Y.L.B.R. 2016-1 and the Guidelines of the Office of the United States Trustee; and it is further

ORDERED, that GWFG shall apply the remaining amount of any pre-petition retainer as a credit towards post-petition fees and expenses, after such post-petition fees and expenses are approved pursuant to order the Court; and it is further

ORDERED, that prior to any increases in GWFG's rates, GWFG shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtor, the United States Trustee and any official committee, which supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtor has consented to the rate increase.   The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in Section 330 of the Bankruptcy Code, and all rates and rate increases are subject to review by the Court; and is further

ORDERED, that, notwithstanding any provision to the contrary in the Application, the Court may retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order.

New York, New York
March 4, 2025                              **s/Michael E. Wiles**
                                           UNITED STATES BANKRUPTCY COURT