UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re:                                                          :
                                                                :    Chapter 11
ROCK 51, LLC,                                                   :
                                                                :    Case No. 25-10034 (MEW)
                    Debtor                                      :
---------------------------------------------------------------x

## DECISION DENYING MOTION FOR STAY PENDING APPEAL

A P P E A R A N C E S:

GOLDBERG WEPRIN FINKLE GOLDSTEIN LLP
New York, NY
*Attorneys for Debtor Rock 51, LLC*
   By: Kevin J. Nash, Esq.

ROSENBERG & ESTIS, P.C.
New York, NY
*Attorneys for Pref 7 West 51st Street LLC*
   By: Andrew R. Gottesman, Esq.
      Brendan J. Durr, Esq.

**HONORABLE MICHAEL E. WILES**
**UNITED STATES BANKRUPTCY JUDGE**

     In a Decision and Order entered March 31, 2025 this Court held that a lease agreement dated February 1, 2022 (the "**Lease**") between Debtor Rock 51, LLC, ("**Rock 51**") and landlord Pref 7 West 51st Street, LLC (the "**Landlord**") had been validly terminated as of August 9, 2024 and that Rock 51 had no further rights to the premises and no ability to assume the Lease. Rock 51 filed an appeal on April 4, 2025, and on April 9, 2025, Rock 51 filed a motion seeking a stay pending that appeal. I held an emergency hearing on the stay motion on April 10, 2025.

     At the outset I note that it is not entirely clear what the contours and effect of a proposed stay pending appeal would be. I ruled that the Lease had been validly terminated. Section 362(b)(10) of the Bankruptcy Code provides that the automatic stay does not apply to a

1

landlord's efforts to recover possession of premises when a lease has terminated before the bankruptcy filing. Rock 51 asked during the hearing today that I permit the state court to issue a warrant of eviction but that I stay the service of such a warrant until an appeal is decided. However, a "stay" of my ruling at most would leave open a dispute as to *whether* the automatic stay is applicable; it would not amount to a affirmative determination that the automatic stay actually does apply. The relief sought by Rock 51, therefore, is not so much a request that I simply "stay" my own ruling. Instead, it is a request that I issue a separate order enjoining the state court from effecting certain relief.

Nor is it clear just what a stay of my ruling could accomplish, or what it would mean as to the application of other requirements of the Bankruptcy Code. Rock 51 says that it wants to assume the Lease pursuant to section 365 of the Bankruptcy Code. Such an assumption of the Lease would require a cure of all prior defaults, including the payment of all overdue sums under the Lease. 11 U.S.C. § 365(a). In addition, the Bankruptcy Code provides that an unexpired lease of commercial real property must be assumed within 120 days after the commencement of the bankruptcy case, or else the Lease is deemed to have been rejected. 11 U.S.C. § 365(d)(4). In this case the 120-day deadline expires on or about May 12, 2025. If an assumption is not effected before the deadline, then the debtor is required by statute to surrender the property to the Landlord. *Id.* The Court can grant a 90-day extension of the deadline if the circumstances warrant, but that would only extend the deadline to approximately August 10, and no other extensions would be permitted except with the consent of the Landlord.

I already have ruled that the Lease was terminated, and that ruling remains in effect unless and until it is reversed on appeal, even if I were to issue a stay against eviction. In light of my ruling, the Lease cannot be treated as property of the bankruptcy estate and it cannot be

2

assumed. I asked Rock 51's counsel during the hearing today how it would propose to address this problem if I were to grant a stay pending appeal, and counsel was unable to give a clear answer. I asked, for example, if Rock 51 would propose to do what an assumption would require (*e.g.*, to pay cash to cure all prior defaults) while at the same time taking the risk that it would lose its appeal and find that the Lease was still terminated. Counsel could not commit to such a course. Counsel suggested that instead that his client might ask to put cure payments in escrow, reserving the right to take the funds back if Rock 51 lost its appeal and could not assume the Lease. But putting cure payments in escrow, postponing the completion of a "cure" of defaults and leaving the whole issue open while an appeal – thereby effectively postponing an actual assumption of the Lease until after decision of the appeal – would constitute an extension of the statutory deadline without the consent of the Landlord and in a manner that the statute does not allow.

These plainly are problems, but I need not rely upon them in ruling on the stay motion. Instead, it is plain, applying the ordinary criteria, that the stay motion should be denied.

Rule 8007 of the Federal Rules of Bankruptcy Procedures provides that a party seeking a stay pending appeal must in the first instance ask the bankruptcy court to grant such a stay. Fed. R. Bankr. P. 8007(a)(1)(A). The decision to grant or deny a stay is within the discretion of the bankruptcy judge. *In re Overmyer*, 53 B.R. 952, 955 (Bankr. S.D.N.Y. 1985). The relevant criteria have been worded somewhat differently in different cases, but as a general matter the court must consider: (1) whether the movant has made a "strong showing" that it is likely to succeed on appeal, (2) whether the movant will suffer irreparable injury absent a stay, (3) whether another party will suffer substantial injury if a stay is issued, and (4) how public interests may be affected. *See 461 7th Ave. Mkt., Inc. v. Delshah 461 Seventh Ave., LLC (In re*

*461 7th Ave. Market, Inc.)*, No. 20-3555, 2021 U.S. App. LEXIS 36995, at *1 (2d Cir. Dec. 15, 2021).

Rock 51 has not made a strong showing that is likely to succeed on appeal, or that there are serious issues that should be addressed on appeal. Its challenges to the Lease termination are hyper-technical quibbles about the way Rock 51's address was described in the relevant notices, and about the fact that the notice of default referred generally to Article 20 of the Lease (which sets forth the various default and termination provisions) instead of referring to the specific subparagraph of Article 20 in which the termination provision was to be found. I rejected those arguments, and I do not see reasonable grounds for disagreement as to the legal conclusions that I reached.

Rock 51 also does not face irreparable harm. It has argued in its papers that in the absence of a stay it may be evicted and may therefore lose any chance of opening the restaurant that it had hoped to open. During argument today, however, counsel to the Landlord conceded that if Rock 51 were evicted, and if Rock 51 thereafter were to succeed on appeal in getting a ruling that the purported termination of the Lease was invalid, then Rock 51 would have the right to sue for damages for the wrongful termination of the Lease. The Landlord obviously would reserve the right to contest the measure of such damages, but counsel to Rock 51 admitted during argument today that the right to pursue such a claim mitigated his arguments about potential irreparable harm. Rock 51 also argued that an eviction might render its appeal equitably moot, but the appeal could never be rendered moot if (as has been admitted) Rock 51 would retain a damages claim if its appeal were successful.

On the other hand, the Landlord would face the risk of substantial injury from a stay of eviction. Rock 51 has proposed to pay rent of $93,750 per month during the pendency of an

4

appeal, which is the rent that would be due under the Lease if no defaults had ever occurred and if no termination had occurred. However, the Lease provides that the rent payable during a holdover period is two and one-half times the otherwise applicable rent for the first 30 days after a termination, and three times the specified rent thereafter. At least one New York state court has upheld such provisions in Leases between sophisticated commercial parties. *See Victoria's Secret Stores, LLC v. Herald Square Owner LLC,* 211 A.D. 3d 657 (2022). Rock 51's counsel pointed out that there is authority for the proposition that a contractual claim is only allowable as an "administrative" expense claim under section 503(b) to the extent of the actual value of the monthly use and occupancy of the space, meaning that the rest of the Landlord's contractual claims would be treated as pre-petition contract claims. If the Landlord were to win on appeal, however, Rock 51 will have few assets and no meaningful ability to pay any pre-petition claims that have accumulated. Rock 51's proposal, then, would mean that the Landlord would accrue additional enforceable contractual claims for which it would have no meaningful ability to obtain any actual compensation.

      A stay also would delay the Landlord's ability to re-let the space. Rock 51 has proposed to pay rent with no other bond pending appeal. There is authority for the proposition a party who is wrongfully injured by a stay can only collect damages up to the limit of whatever bond a court has previously approved. *See Blumenthal v. Merrill Lynch,* 910 F.2d 1049, 1056 (2d Cir. 1990); *Mead Johnson & Co. v. Abbott Labs.,* 201 F.3d 883, 888 (7th Cir. 2000). The absence of a bond would mean, in effect, that the Landlord would have no meaningful claim against Rock 51 for damages if a stay of eviction resulted in a lost opportunity to re-let the space to another tenant. Rock 51 has not suggested a reasonable way to calculate a proper bond that would ensure that the Landlord's interests are fully protected; nor has it committed that it would be willing or able

to post such a bond. It just argued instead that the payment of the normal rents should be enough and that nothing else should be required.

Consideration of the "public interest" does not really favor one party over the other, except to the extent that the general equitable factors that I describe below might be considered to be part of a "public interest" calculation.

Based on the foregoing factors I hold that a stay is not warranted. There is no meaningful prospect of success on appeal, no risk of irreparable harm, and a substantial risk of prejudice to the Landlord if a stay were to be granted, without any assurance that a bond could be posted in amounts that would provide appropriate protection to the Landlord.

I note, in addition, that other equitable factors weigh against the request that Rock 51 has made. Rock 51 claims that it has valuable rights that it has acted diligently to preserve and that it would be unfair to permit an eviction before an appeal can be heard. However, Rock 51 does not deny that in July 2024 Rock 51 was in default of its payment obligations under the Lease; that the Lease required that rent be paid without offset based on other complaints; that Rock 51 actually received a notice of default, that it failed to cure the default, that it then actually received a notice of termination; that it took no action in the state court to contest the default, to stop the termination or to excuse its prior defaults; and that Rock 51 then stopped paying any rent altogether from August 2024 until after this bankruptcy case was filed in January 2025. Rock 51 had ample opportunity to take prompt and appropriate state court action to protect its rights, and it did not do so. The bankruptcy filing itself occurred only after the state court had scheduled a final hearing on the Landlord's eviction request, and the bankruptcy petition was filed just before that state court hearing was to occur. These uncontested facts do not show a diligent effort to protect and to preserve Rock 51's claimed rights, and they do not reflect the kind of conduct for

6

which equitable relief is warranted. The Landlord has valuable rights of its own that are at stake here, and the Landlord is entitled to enforce them.

      I therefore deny the motion for a stay pending appeal.

Dated: New York, New York
      April 10, 2025

                                      **s/Michael E. Wiles**
                                      Honorable Michael E. Wiles
                                      United States Bankruptcy Judge